■ MURRAY KEEN, Respondent, v HAZEL KEEN, Appellant.—In an action by the plaintiff husband to impress a constructive trust on real and personal property, in which a judgment was entered directing the defendant wife to assign and transfer certain securities to plaintiff upon the latter's satisfaction of those portions of the judgment which were in defendant's favor, defendant appeals from an order of the Supreme Court, Westchester County, entered October 16, 1979, which authorized plaintiff to schedule a hearing to ascertain whether defendant is in contempt for her failure to assign and transfer the securities. Order affirmed, with $50 costs and disbursements. Plaintiff sued to impress a constructive trust on property held by defendant, who counterclaimed for an accounting. Defendant was ultimately awarded judgment on her counterclaim with the proviso that after plaintiff paid the amounts due, defendant was to return certain personal property to plaintiff. Plaintiff paid the amounts due but defendant has failed to return the property. Plaintiff contends that she should therefore be held in contempt. Defendant, *inter alia,* alleges that she cannot be held in contempt since plaintiff owes her support arrears in excess of the value of the property she is holding. Special Term correctly allowed plaintiff to set the matter down

for a hearing. We note that at such a hearing defendant may seek to establish support arrears in opposition to the allegations of contempt. Titone, J. P., Gibbons, Gulotta and Martuscello, JJ., concur.